[Civ. No. 364.    First Appellate District.—September 10, 1907.]

## ADA R. DUNCAN, Respondent, v. W. C. DUNCAN, Appellant.

HUSBAND AND WIFE—SEPARATION—RIGHT OF WIFE TO SUE ALONE—SEPARATE PROPERTY.—A wife who is living separate and apart from her husband can sue alone to recover her separate property without joining her husband as a party.

ID.—HOUSEHOLD GOODS—EFFECT OF AMENDMENT TO CIVIL CODE—WRITTEN CONSENT OF WIFE TO SALE.—Under the amendment of 1901 to section 172 of the Civil Code, household goods acquired as community property since its passage cannot be transferred without the written consent of the wife; and a transfer thereof since that date by the husband without such consent cannot affect the right of the wife to recover the same or the value thereof.

ID.—HOUSEHOLD GOODS ACQUIRED PRIOR TO AMENDMENT.—Household goods acquired prior to the passage of that amendment are not subject to its provisions, and the wife cannot recover the same or their value, unless she is in a position to assert the transfer as a fraud upon her right, in contemplation of a suit for divorce or maintenance.

ID.—FRAUD UPON WIFE'S RIGHTS MUST BE SPECIALLY PLEADED.—Where a right of action depends upon the existence of a fraud upon the rights of the wife, the facts constituting the fraud must be specially pleaded.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Devoto & Richardson, for Appellant.

H. B. M. Miller, for Respondent.

HALL, J.—Plaintiff brought this action in the ordinary form of an action in claim and delivery to recover of defendant the possession of certain goods and chattels, or the value thereof, if possession could not be had, and damages for the detention thereof. The goods are alleged in the complaint to be of the value of $1,000 and are set forth in detail. They

consist of household furniture, furnishings and fittings of a dwelling-house, the enumeration of which occupies about fourteen folios of closely printed matter in the transcript. The answer consists of a denial of the material allegations of the complaint.

The trial was before a jury, and resulted in a verdict for the return of the entire property sued for, and if a return thereof be not made, for the sum of $1,000, the value thereof. Judgment was entered in accordance with the verdict. The case is before this court upon defendant's appeal from an order denying his motion for a new trial.

The plaintiff is the wife of B. B. Duncan, to whom she was married in 1887, but at the time this action was brought she was living separate and apart from him. There is a conflict in the evidence as to whether she had deserted him or he her. On the seventh day of June, B. B. Duncan, the husband of plaintiff, without her consent or knowledge, sold to his brother, W. C. Duncan, the defendant herein, for the sum of $500, the property sued for, and delivered the same into the possession of defendant, and two days later departed from the state.

The evidence shows without conflict that some portion at least of the property sued for was separate property of plaintiff, the same having been given her. As to another portion, there is testimony given by plaintiff that it was purchased and paid for by B. B. Duncan prior to their marriage, but given to her by him.

As to another and a considerable portion of the property the evidence shows without dispute that it was community property, purchased after the marriage of plaintiff and B. B. Duncan but prior to the amendment to section 172, Civil Code of 1901, providing that "No sale, conveyance or incumbrance of the furniture, furnishings and fittings of the home, or of the clothing and wearing apparel of the wife or minor children, which is community property, shall be made without the written consent of the wife."

Another portion of the property was purchased by B. B. Duncan after said amendment, and used in furnishing a house on Page street in San Francisco, to which B. B. Duncan moved with his and plaintiff's two minor children while she was absent in San Rafael, as she says, upon a visit to her mother.

As we have before said, the verdict was for the return of all the property sued for, or for one thousand dollars, the value thereof; and the question presented by the record is: Do the foregoing facts support a verdict for the recovery of all of said property?

As to the property which the evidence shows, or tends to show, was plaintiff's separate property, there can be no question but that she could sue for and recover the same without joining her husband. (Code Civ. Proc., sec. 370, subd. 1.)

As to the furniture and furnishings purchased to furnish the Page street house, it was all bought in 1904, and there is evidence to support a finding that it was used to furnish the home of plaintiff and B. B. Duncan. While it is true that plaintiff never actually lived in said house, as her husband moved there from their former home on Polk street while she was, as she testified, absent on a visit to her mother, where she went April 22d, the evidence was sufficient to justify a finding that the Page street house was on June 7, 1904, the home of plaintiff and her husband. He and the children were actually living there, and he had moved there the furniture and furnishings of their former home on Polk street. This furniture was, therefore, subject to the provisions of section 172, Civil Code, as amended in 1901, to the effect that no sale of the furniture and furnishings of the home which is community property shall be made without the written consent of the wife. This provision of the law is intended for the benefit of the wife. It gives her a right in such property which she may protect. If her husband, in violation of this provision of the law, sells the furniture of the home and deserts his wife, there can be no reason why she may not bring her action to recover possession of such furniture. A husband's transfer of such property without the written consent of his wife conveys no right to the property as against her at least. When a married woman is living separate and apart from her husband by reason of his desertion of her she may sue or be sued alone. (Code Civ. Proc., sec. 370, subd. 3.) Accordingly, it has been uniformly held in this state that a married woman, deserted by her husband, may sue alone to recover damages for her personal injuries, although such damages, when recovered, are community property. (*Baldwin* v. *Second St. Cable R. R. Co.*, 77 Cal. 390, [19 Pac. 644]; *Andrews* v. *Runyon*, 65 Cal. 629, [4 Pac. 669]; *Lamb* v. *Har-*

*baugh,* 105 Cal. 680, [39 Pac. 56]; *Humphrey* v. *Pope,* 122 Cal. 253, [54 Pac. 847].)

We think the principles of these cases apply to a violation, by sale without her consent, of her rights in the community furnishings of the home.

But the amendment of 1901 to section 172, Civil Code, has no application to community property acquired before the enactment of such amendment.

The effect of the amendment to the same section in 1891, to the effect that a husband may not transfer community property without the written consent of the wife, came before the court in *Spreckels* v. *Spreckels,* 116 Cal. 339, [58 Am. St. Rep. 170, 48 Pac. 228], and it was there held that the amendment had no effect on the right of the husband to dispose of community property acquired prior to the adoption of such amendment. If the amendment of 1891, preventing the husband from making a gift of community property without the wife's consent has no application to community property acquired before such amendment, it is equally clear that the amendment of 1901, denying his right to sell the furnishings of the home, has no application to such property acquired prior to the date of such amendment.

The right of plaintiff to sue for and recover a portion of the property in suit must therefore be considered without reference to the amendment of section 172, Civil Code, concerning the sale by the husband of community furnishings of the house.

In this connection it is urged that a husband may not, in contemplation of a suit for divorce or maintenance, sell or transfer either his separate property or the community property with intent to defraud his wife of her rights, or to defeat her in her right for maintenance or a division of the community property.

There can be no doubt but that in an action for divorce or maintenance a wife may pursue property transferred by her husband to defeat or defraud her of her right to alimony or a division of the community property. (*Murray* v. *Murray,* 115 Cal. 266, [56 Am. St. Rep. 97, 47 Pac. 37]; *Lord* v. *Haugh,* 43 Cal. 581.)

It may be that under some circumstances a suit in equity may be maintained by the wife to restrain a contemplated fraudulent sale, or to avoid a consummated sale intended to

defraud her of her rights in the community property. (*Greiner* v. *Greiner*, 58 Cal. 115; *Spreckels* v. *Spreckels*, 116 Cal. 339, [58 Am. St. Rep. 170, 48 Pac. 228], concurring opinion of chief justice.) But the right to bring any such action is predicated upon the fraud of the husband and his grantee. It is the fraud upon her that gives her the right to maintain any such suit. The fraud lies at the foundation of her right.

Whenever a right of action or a defense of an affirmative nature depends upon fraud it must be pleaded. (*Wetherly* v. *Strauss*, 93 Cal. 283, [28 Pac. 1045]; *Burris* v. *Adams*, 96 Cal. 664, [31 Pac. 565].)

This was not done in this case, but, as before stated, the complaint is in the ordinary form of an action in claim and delivery. We have been cited to no authority that holds that such an action may be maintained by a wife to recover community property sold by her husband. Such an action to recover community property acquired prior to the amendment to section 172, Civil Code of 1901, cannot be maintained. (*Greiner* v. *Greiner*, 58 Cal. 115.)

For these reasons we think the verdict is not sustained by the evidence, and the motion for a new trial should have been granted.

The order denying the motion for a new trial is reversed.

Cooper, P. J., and Kerrigan, J., concurred.