[Civ. No. 4272. First Appellate District, Division One.—July 31, 1922.]

EMMA SCOTT, an Insane Person, etc., Appellant, v. MILTON W. AUSTIN, as Administrator, etc., et al., Respondents.

[1] HUSBAND AND WIFE — COMMUNITY PROPERTY ACQUIRED PRIOR TO 1891—GIFT BY HUSBAND—WANT OF CONSENT BY WIFE—UNCONSTITUTIONALITY OF CODE AMENDMENT — RULE OF PROPERTY. — The amendment of 1891 to section 172 of the Civil Code, providing that a husband could not make a gift of community property or convey the same without a valuable consideration unless the wife in writing consented thereto, is unconstitutional and inoperative as to property acquired before the passage of the amendment, and the case of *Spreckels* v. *Spreckels*, 116 Cal. 339, so holding, having been uniformly followed by the decisions of the courts of last resort in this state until it has become and, in fact, has long been, a rule of property, such rule cannot be disturbed by the later contrary decision in *Arnett* v. *Reed*, 220 U. S. 320.

[2] FRAUDULENT CONVEYANCE — QUESTION OF FACT — WANT OF VALUABLE CONSIDERATION—EFFECT OF.—The question whether a transaction involving the transfer of real estate is fraudulent is a question of fact and not a question of law, and a transfer cannot be adjudged fraudulent solely on the ground that it was not made for a valuable consideration.

APPEAL from a judgment of the Superior Court of Monterey County. Pat R. Parker, Judge Presiding. Affirmed.

---

1. Insanity of one spouse as affecting other's right to convey community property, note, 1 A. L. R. 1680.

Power of legislature to restrict husband's right to alienate or encumber community property, note, 36 L. R. A. (N. S.) 1040.

The facts are stated in the opinion of the court.

Daugherty & Theile and Wyckoff & Gardner for Appellant.

C. F. Lacey for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action brought by the plaintiff as the surviving wife of one John B. Scott, to recover a one-half interest in certain community lands which her said husband conveyed during his lifetime to the defendant without her consent to such conveyance. The plaintiff is an insane person, and in bringing said action is acting through the regularly appointed guardian of her person and estate. The plaintiff and said John B. Scott intermarried on May 14, 1873, and continued to be husband and wife until the death of her said husband on February 18, 1920. On April 6, 1888, the lands in question, consisting of business property on Main Street, in the city of Salinas, were acquired by said John B. Scott by purchase, and it is a conceded fact in the case that they are of the present value of about twenty thousand dollars. On May 6, 1889, the plaintiff was adjudged insane by the superior court of Monterey County and was committed to the state hospital at Stockton, where she has ever since been and now is in said condition, and is incurably insane. Her present age is about seventy-three years. On January 31, 1920, said John B. Scott conveyed said premises to the defendant herein, Horace W. Austin, reserving to the grantor a life estate therein. The said grantor was then seventy-six years of age and was in failing health. He died, in fact, within a month after the deed of said conveyance. It is an admitted fact in the case that no money consideration passed from the defendant Austin to said John B. Scott for said conveyance. The only consideration claimed by the defendant to have existed therefor being the execution by him to said Scott of an instrument in writing at the time of the delivery of said deed, reading as follows:

"Salinas, Cal., January 30, 1920.

"In consideration of a deed of conveyance this day made to me by John B. Scott, I hereby agree that from and

after the death of the said John B. Scott, I will pay towards the care and support of his wife, now confined in the asylum for the insane at Stockton, California, such amounts as, from time to time, may be fixed or required by the public authorities, and will likewise furnish her with necessary clothing.

"This obligation is to continue until the death of the said wife of John B. Scott, and is to bind my heirs, executors and administrators.

"In Witness Whereof, I have hereunto subscribed my name this 30th day of January, 1920.

"HORACE W. AUSTIN."

The defendant Austin, who executed the foregoing agreement, was not a relative of the Scotts, but had been for many years an employee in a drug-store owned and kept by said John B. Scott in Salinas, which was of the value of about six thousand dollars, and which was transferred to the defendant Austin by said Scott by a separate writing at or about the date of the conveyance of said lands, and for the same consideration. It is an admitted fact in the case that the amount required by the state for the care of plaintiff at the Stockton hospital is twenty dollars per month and that her clothing costs from twenty dollars to forty dollars a year. Upon the foregoing facts the trial court made its findings and rendered its judgment in favor of the defendant Austin, holding said conveyance to have been valid as to all of said real estate. It is from such judgment that the present appeal has been taken.

[1] The first contention of the appellant herein is that since said real estate was acquired after and during the marriage by the said John B. Scott of the plaintiff herein, by purchase, the whole thereof is community property, and that since the conveyance of the same was of a date after the amendment of section 172 of the Civil Code, added thereto in the year 1891 [Stats. 1891, p. 425], and which provided that the husband could not make a gift of community property or convey the same without a valuable consideration unless the wife in writing consented thereto, this conveyance amounting substantially to a gift of said property to said defendant, must be held to be void. In making this contention the appellant concedes that if the rule laid down in *Spreckels* v. *Spreckels,* 116 Cal. 339 [58 Am.

St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], holding that
the amendment of 1891 to section 172 of the Civil Code
was unconstitutional and inoperative as to property ac-
quired before its passage is to be upheld, the appellant's
said contention cannot be sustained. The appellant in-
sists, however, that since said decision by the supreme court
of this state, the doctrine announced therein has been de-
parted from by the supreme court of the United States
in the case of *Arnett* v. *Reed,* 220 U. S. 320 [36 L. R. A.
(N. S.) 1040, 55 L. Ed. 477, 31 Sup. Ct. Rep. 425, see,
also, Rose's U. S. Notes], involving precisely the same ques-
tion, arising in regard to a like amendment to the laws of
New Mexico, in which that tribunal held that such amend-
ment was valid and effectual in relation to community
property acquired before its passage. The appellant in her
opening brief insists that this decision of the supreme court
of the United States must be held to be controlling in this
case for the reason that a federal question is involved, viz.,
the question as to whether such amendment of section 172
of the Civil Code operates to deprive persons of property
without due process of law. In her closing brief, how-
ever, the appellant concedes that the foregoing decision of
the supreme court of the United States is not controlling
but is merely persuasive upon the courts of this state in
passing upon the effect to be given to said amendments of
the statutes of this state regulating the acquisition and
disposition of real property within this state. In answering
this contention it may be stated that the said decision of
the supreme court of the United States can no longer be
held to be even persuasive upon the courts of this state,
and particularly upon this court in determining the effect
of the amendment of 1891 to section 172 of the Civil Code,
since the case of *Spreckels* v. *Spreckels, supra,* has been
uniformly followed by the decisions of the courts of last
resort in this state, until it has become and, in fact, has
long been, a rule of property touching the subject to which
it relates. (*Estate of Moffitt,* 153 Cal. 360 [20 L. R. A.
(N. S.) 207, 95 Pac. 653] ; *Dargie* v. *Patterson,* 176 Cal.
716 [169 Pac. 360] ; *Duncan* v. *Duncan,* 6 Cal. App. 407
[92 Pac. 310] ; *Clavo* v. *Clavo,* 10 Cal. App. 449 [102 Pac.
556] ; *Jacobs* v. *All Persons,* 12 Cal. App. 171 [106 Pac.
896] ; *Thomas* v. *Fursman,* 39 Cal. App. 285 [178 Pac. 870] ;

*Badover* v. *Guaranty etc. Co.,* 186 Cal. 775 [200 Pac. 638].) By the amendment made to the Civil Code in 1917 [Stats. 1917, p. 829], section 172 thereof was so amended as to confine its application to personal property and section 172a was added, having relation to real estate. But these changes in the Civil Code did not in any manner affect the right of the husband in community property acquired prior to the amendment of section 172 of the Civil Code made in the year 1891, and hence did not in any manner affect the full application of the cases above cited to the facts of this case.

[2] The appellant's final contention is that the said conveyance, being without substantial consideration, and amounting practically to a gift to the grantee, must be held to have been fraudulent in so far as it purports to convey to said grantee the community interest of the said plaintiff in said property. We find no merit in this contention. The question whether a transaction involving the transfer of real estate is fraudulent is a question of fact and not a question of law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration. (Civ. Code, sec. 3442.) The trial court by its findings expressly determined that this conveyance was not made for the purpose or with the intent of defrauding the plaintiff in this action. We are of the opinion that this finding is fully sustained by the evidence in the case, which shows practically without contradiction that the plaintiff herein has ever since the year 1889 been, and still is, hopelessly insane; that she has been during all of said time, and still is, and in all probability will be, during the remainder of her life, confined in a state hospital for the insane; that during all of those years, and up to the time of his death, her husband had paid for her comfortable support and maintenance at said state hospital a sum approximating three hundred dollars a year, and at the time of the conveyance of the premises in question provided by a separate agreement with said defendants that such payments should be continued during the lifetime of his wife. The relation between the defendant and the decedent, John B. Scott, had been intimate and affectionate for many years, the defendant having begun work in the decedent's drug-store when

a boy and having remained in his employ for more than thirty years, during the latter portion of which he had taken care of the decedent in his own home, where the latter died. In thus conveying to said defendant shortly before his death, and in thus providing for the maintenance of his wife during the remainder of her life, the decedent, far from evincing a fraudulent intent or purpose, manifested, in our opinion, the utmost and most commendable good faith in the disposition of this property with the best interests of his wife in view. The mere fact that the decedent conveyed to the defendant the larger portion of the community property without other consideration than that above noted is not of itself sufficient to raise the imputation of fraud, since, under the authorities above cited, the husband possessed full power to make an absolute gift of the whole of the community property acquired prior to the amendment of section 172 of the Civil Code in 1891, when such conveyance was made in good faith, and particularly when the transfer was made for the laudable purpose manifested in the instant case. (*Clavo* v. *Clavo, supra; Jacobs* v. *All Persons, supra.*)

The judgment is affirmed.

Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 30, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 28, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.