[S. F. No. 15665. In Bank.—July 28, 1937.]

MINNA MAYBELLE BALLINGER, Respondent, v. WARREN N. BALLINGER, Appellant.

George K. Ford and Simpson Finnell, Jr., for Appellant.

Horace T. Beverly for Respondent.

CURTIS, J.—This appeal is from a judgment adjudging the plaintiff to be the owner of certain shares of stock which were admittedly the community property of plaintiff and Frederick S. Ballinger, her deceased husband, during the lifetime of the latter. Plaintiff and Frederick S. Ballinger were married in 1910, and lived together as husband and wife at all times since said date up to the time of his death, which occurred on the 12th day of February, 1934. On April 12, 1924, almost ten years prior to his death, the said Frederick S. Ballinger was the owner, as community property, of 298 out of the 300 shares of common stock and 200 shares

of the preferred stock, being all of the preferred stock, of W. R. Ballinger & Son, a corporation which he had been instrumental in organizing. During the years from 1926 to 1929, inclusive, Frederick S. Ballinger endorsed his shares of common stock and had new certificates issued, one to himself for 151 shares and two to Warren N. Ballinger for 147 shares. Thereafter he endorsed the certificate of stock issued to himself and had two new certificates issued, one to Warren N. Ballinger for twelve shares and one for 139 shares in the name of the plaintiff, Minna Ballinger. On November 8, 1929, Frederick S. Ballinger endorsed the certificate for the 200 shares of the preferred stock owned by him and had a new certificate issued and delivered to Warren N. Ballinger. During the same period of time, comparatively speaking, in which the above transfers were made, Frederick S. Ballinger was the owner of ninety-six shares of the common stock, out of 100 shares, of the W. R. Ballinger & Son Investment Company, a corporation. On November 8, 1929, Frederick S. Ballinger endorsed his certificate for said ninety-six shares of his common stock of the W. R. Ballinger & Son Investment Company and had new certificates issued to Warren N. Ballinger for a total of fifty-three shares, and one to Minna for forty-three shares, of said stock. About this same time Frederick S. Ballinger had ten shares of the capital stock of the Wheeler Island Land Company, which were the community property of himself and wife, issued in the name of and delivered to Warren N. Ballinger.

The court found that all of these shares of stock were the community property of the plaintiff and her husband, that all of the transfers thereof to Warren N. Ballinger were made without the knowledge or consent of the plaintiff and were without consideration; that plaintiff did not know of any of the transfers, either to Warren N. Ballinger or to herself, until after the death of her husband, when Warren N. Ballinger delivered to plaintiff those shares of said stock which had theretofore been issued in her name. The court further found that all of said shares of stock so transferred by Frederick S. Ballinger and delivered by him to Warren N. Ballinger were gifts to the said Warren N. Ballinger by the said Frederick S. Ballinger without consideration. Judgment was rendered, therefore, in favor of the plaintiff for one-half of each and all of the shares of stock which were transferred

to Warren N. Ballinger as recited herein. From this judgment the defendant Warren N. Ballinger has appealed upon the judgment roll alone.

Appellant concedes that Frederick S. Ballinger had no right to give away more than one-half of the community property, and to the extent which his gift to appellant exceeded that amount it was not binding upon the wife. This concession eliminates all controversy regarding the 200 shares of the preferred stock of the W. R. Ballinger & Son Corporation and the ten shares of stock in Wheeler Island Company. All of these shares of stock were assigned and issued to appellant Warren N. Ballinger. The trial court set aside these transfers as to one-half thereof and gave judgment in respondent's favor for one-half each of these two issues of stock. Appellant concedes that the judgment as to these shares of stock is valid. This leaves for our determination the validity of the gifts from Frederick S. Ballinger to Warren N. Ballinger of the shares of common stock of the W. R. Ballinger & Son Corporation and of the W. R. Ballinger & Son Investment Company.

Appellant does contend, however, that Frederick S. Ballinger had the right to give away one-half of the community property and that the gift of this half of said community property to him is valid and binding upon the respondent. In order for us to determine this contention of the appellant it will first be necessary for us to consult the findings of the trial court, and as the appeal is upon the judgment roll, the findings are conclusively presumed to be supported by the evidence. In the first place, the trial court found that Frederick S. Ballinger transferred and assigned the various shares of stock to appellant as a gift and were made without consideration. It further found that Frederick S. Ballinger assigned the said stock to plaintiff in the three corporations, not "as a gift to her of her share of the community property, but said assignments were made to plaintiff, Minna M. Ballinger, as a gift, without reference or relation to her share of the community property".

That a husband may make a gift to the wife of community property, which property thereby becomes the separate property of the wife, is well settled in this state. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646, 649 [77 Pac. 657]; *Pabst* v. *Shearer,* 172 Cal. 239, 242 [156 Pac. 466]; *Dale* v. *Dale,* 87

Cal. App. 359, 363 [262 Pac. 339]; *Mazman* v. *Brown,* 12 Cal. App. (2d) 272, 274 [55 Pac. (2d) 539].) In the first of these cited cases, the court, on page 649, said: "In this State a husband may make a deed, whether of his own or community property, to his wife, and in such case it is well settled that in the absence of evidence of a contrary intent the deed will vest in her the land conveyed as her separate property." The decisions in the three other cited cases are to the same effect. This principle of law is so well established in this state that the citation of any authorities in support thereof is hardly necessary. We refer to those mentioned above merely as a few out of the many that might be cited in support of respondent's contention. ■ The gift of community property by the husband without the consent of the wife may be set aside in its entirety by the wife during the lifetime of her husband (*Britton* v. *Hammell,* 4 Cal. (2d) 690 [52 Pac. (2d) 221]), and after his death may be set as to one-half thereof (*Trimble* v. *Trimble,* 219 Cal. 340 [26 Pac. (2d) 477]). ■ It may be conceded that had the husband, with the intent of dividing the community property before his death, conveyed one-half thereof to his wife as her separate property and the other half to a third person, the wife could not after his death have set aside this gift to the third person. But this is not the case we have before us. The findings are specific that the husband had no such intent, but made an outright gift to the wife of a part of the community property as her separate property. Those shares which he had transferred to the appellant without the knowledge or consent of his wife never lost their character as community property during the lifetime of the husband, and after his death the attempted gift thereof could be set aside to the extent of one-half thereof. (*Trimble* v. *Trimble, supra; Travelers Ins. Co.* v. *Fancher,* 219 Cal. 351 [26 Pac. (2d) 482]; *Britton* v. *Hammell, supra.*)

■ Appellant contends, however, that the respondent, after the death of her husband, having accepted the shares of stock which the husband had issued to her prior to his death, thereby elected to take under the husband's gift, rather than to stand upon community rights. From the pleadings and findings it is evident that this defense was not made in the trial court. But aside from that circumstance we are of the opinion that this contention is without merit

in view of the finding that the gift was made to respondent without "reference or relation to her share of the community property." Had the transfers of these several shares of stock been made by the husband with the intention on his part of dividing the community property between his wife and himself, or his donee, then it might very properly be said that the acceptance of the gift by the wife would be deemed an election to take the same under the disposition made thereof by the husband, and that she thereby waived her right to revoke the gifts of the stock to appellant. But as the gift was made to the wife absolutely as her separate property and without any intention of the husband to thereby make a division of the community property, an acceptance of the gift under these circumstances cannot be held as an election by the wife or as a waiver on her part to claim one-half of the remaining shares of stock as her separate property.

Appellant relies with some assurance upon the case of *Lahaney* v. *Lahaney,* 208 Cal. 323 [281 Pac. 67], and kindred cases cited in preceding pages of this opinion, but we find nothing in any of them contrary to the views expressed herein.

Judgment affirmed.

Shenk, J., Langdon, J., Edmonds, J., and Seawell, J., concurred.

A rehearing was denied on August 26, 1937. Edmonds, J., in voting for a rehearing rendered the following opinion:

I vote for a rehearing solely because the opinion does not state that the plaintiff by her complaint sought only to recover one-half of the community property given away by her husband. There can be no question that the plaintiff is entitled to a judgment for that portion of the stock. Whether a wife may be limited to a recovery of one-half is not decided by this case.