[Civ. No. 11891.   Second Appellate District, Division Two.—April 20, 1939.]

COCA COLA BOTTLING COMPANY (a Corporation), Respondent, v. FRANK FELICIANO, Defendant; FRANK FELICIANO BEVERAGE COMPANY, INC. (a Corporation), Appellant.

Fred A. Shaeffer for Appellant.

C. Douglas Smith and Marion A. Smith for Respondent.

McCOMB, J.—This is an appeal by third party claimant from a judgment of the trial court based on findings that four automobile trucks (Engine No. 18261–4272, Engine No. DMV 20774, Engine No. B.B. 18–2740913, and Engine No. T 61–82405) were the property of Frank Feliciano and not of appellant.

March 24, 1938, a jury returned a verdict in favor of respondent and against Frank Feliciano for the sum of $7,435.20. Judgment was entered the same day and a revised judgment entered March 31, 1938. At the time of the verdict Frank Feliciano was a wholesale and retail beverage merchant in San Luis Obispo, California, and he owned and used in his business the four automobile trucks above mentioned.

March 28, 1938, E. R. Lewis, a W. P. A. worker of San Luis Obispo, California, Francis D. Feliciano, the son of Frank Feliciano, the judgment debtor above mentioned, and B. Hollingshead duly incorporated appellant (Frank Feliciano Beverage Company, Inc.) pursuant to the laws of the State of California. March 29, 1938, Frank Feliciano attempted to transfer to appellant all of his stock in trade, his delivery trucks (including those mentioned above), tools, and other store equipment used by him in the conduct of his wholesale and retail beverage business. The consideration for this transfer was a note of appellant in the sum of $2,000 payable two years after date. March 30, 1938, appellant caused to be mailed to the division of registration of the department of motor vehicles, Sacramento, California, duly executed, the pink slips for the trucks above referred to and requested that new certificates be issued showing the title in appellant. This was never done. April 8, 1938, respondent had issued a writ of execution upon the trucks and appellant filed this third party claim, which resulted in the judgment here appealed from.

■ This is the sole question necessary for us to determine: *Did title to the automobile trucks here in question pass to appellant from Frank Feliciano prior to the transfer of registration and issuance of a new certificate of ownership and*

*registration card covering said trucks by the department of motor vehicles?*

This question must be answered in the negative. The law is clear in California that no title or interest in a motor vehicle registered pursuant to the provisions of the California Vehicle Code passes until transfer of registration of such vehicle is made by the department of motor vehicles and said department has issued a new certificate and registration card with respect to the vehicle.

Section 186 of the Vehicle Code provides as follows:

"When Transfer Deemed Complete. No transfer of the title *or any interest* in or to a vehicle registered hereunder shall pass nor shall delivery of any said vehicle be deemed to have been made and any attempted transfer shall not be effected for any purpose until transfer of registration is made and the department has issued a new certificate of ownership and registration card with respect thereto as provided herein, except as a transferor may be estopped by law to deny a transfer and except as provided in sections 178 and 180 hereof and in Chapter 3 of this division." (Italics added.)

It is conceded that the present case does not fall within the provisions of section 178 or section 180 of the Motor Vehicle Code.

The cases cited by appellant, such as *Pendell v. Thomas,* 95 Cal. App. 33 [272 Pac. 306]; *Maryland Cas. Co. v. Hollman,* 100 Cal. App. 669 [280 Pac. 1034]; *Sidney v. Wilson,* 67 Cal. App. 282 [227 Pac. 672]; *Kenny v. Christianson,* 200 Cal. 419 [253 Pac. 715]; *Eckhardt v. Morely,* 220 Cal. 229 [30 Pac. (2d) 423], are inapplicable to the facts of the present case, for the reason that they were decided pursuant to section 45 (e) of the Motor Vehicle Act, which read thus:

"Until said division shall have issued said new certificate of registration and certificate of ownership as hereinbefore in subdivision (d) provided, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

This section has been superseded by section 186 of the Motor Vehicle Code. It is to be noted that section 45 (e) of the Motor Vehicle Act provided that "title" to the vehicle in question should not pass until the provisions of the act

were complied with. No reference was made to any other interest in the vehicle than that of title, while section 186 of the Motor Vehicle Code expressly provides that "no transfer of the title or *any interest*" shall pass until the requirements of the act have been complied with.

The law is established that the statute last approved, particularly if it be a special act applicable to a particular subject, is controlling over a statute previously adopted by the legislature. (*Pierce* v. *Riley,* 21 Cal. App. (2d) 513, 519 [70 Pac. (2d) 206].) Therefore, since section 186 of the Motor Vehicle Code was adopted in 1935, it supersedes any conflicting provision in the previously adopted sections of the Civil Code, to wit, sections 1738, 1739, 1761, 1762, and 1768, which deal generally with the subject of the relationship between a buyer and a seller; and there is no merit in appellant's contention that the sections of the Civil Code just mentioned are applicable to this case.

Because of our conclusions, it is unnecessary to discuss other points raised by counsel.

For the foregoing reasons the judgment appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 18, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939.