[Civ. No. 12249. Second Appellate District, Division Two.—December 20, 1939.]

RUTH MATTHEWS, Respondent, v. LOUIS HAMBURGER et al., Appellants.

Joe Orloff for Appellants.

Ernest Eugene Walker for Respondent.

WOOD, J.—Defendants have appealed from a judgment in plaintiff's favor for the value of certain household furniture which was wrongfully sold by defendants.

Plaintiff and her husband, Edward B. Matthews, on May 5, 1938, decided to store their furniture and take a trip to San Francisco to visit friends and relatives. They placed their household furniture and furnishings, which was community property, in storage with Birch-Smith Storage Company in Los Angeles and thereafter drove in the family automobile to Huntington Park to visit friends briefly before leaving on their trip to San Francisco. On arriving in Huntington Park plaintiff's husband left plaintiff with friends and drove away, stating he would call for her in an hour or so. The husband did not return but deserted plaintiff and went to Chico to live. Upon leaving plaintiff he sold the furniture to defendants for the sum of $350. Plaintiff did not consent to the sale in writing or otherwise and did not receive any part of the sum paid by defendants. Shortly after purchasing the property from plaintiff's husband, defendant sold the furniture to another party. One of the defendants inquired of plaintiff's husband if he was a married man and was told that he was married but that his wife was not well enough to be present at the sale of the furniture.

Plaintiff bases her claim on section 172 of the Civil Code which is as follows: "The husband has the manage-

ment and control of the community personal property with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration, or sell, convey, or encumber the furniture, furnishings, or fittings of the home, or the clothing or wearing apparel of the wife or minor children that is community, without the written consent of the wife.''

Defendants now contend that the words ''furniture of the home'' as used in the code section refer to furniture actually used in the home and argue that since the furniture was in storage at the time it was sold by plaintiff's husband it was not necessary to have plaintiff's consent to its sale. We cannot accept this construction of the section. It will be noted that the section refers to furniture *of* the home and not furniture *in* the home. The furniture was undoubtedly furniture of the home when it was located in a building occupied by plaintiff and her husband as their residence. If such furniture should be transported to a new residence clearly it would not lose its status while being transported to a new residence. Its temporary storage in a warehouse likewise did not change its status. The statute does not require that the furniture be located at any particular place. The test is whether it was furniture of the home as distinguished from such furniture as might be used in commercial pursuits.

The trial court did not err in ruling that plaintiff was entitled to recover the full value of the property. A distinction is made between cases in which the action by the wife is filed before the death of the husband and cases in which the action is filed after the death of the husband. In *Ballinger* v. *Ballinger,* 9 Cal. (2d) 330, 334 [70 Pac. (2d) 629, it is stated: ''The gift of community property by the husband without the consent of the wife may be set aside in its entirety by the wife during the lifetime of her husband (*Britton* v. *Hammell,* 4 Cal. (2d) 690 [52 Pac. (2d) 221]), and after his death may be set aside as to one-half thereof (*Trimble* v. *Trimble,* 219 Cal. 340 [26 Pac. (2d) 477, 488]).'' In the case under review the husband is still living and no showing has been made that there has been a division of

community property or any action taken which would effect a change in the status of the property.

The trial court correctly ruled when it permitted plaintiff to sue alone and recover in her own name. The provisions of the code section above quoted were made for the benefit of the wife, who has been given property rights which she can protect by court action. The transfer of the property by plaintiff's husband without her written consent was without effect as against plaintiff, who had the right to restore the property to the community. (*Duncan* v. *Duncan,* 6 Cal. App. 404 [92 Pac. 310].) It has been expressly provided in section 370 of the Code of Civil Procedure that a married woman may sue alone for the recovery for injuries to her person notwithstanding the sum recovered would be community property.

The judgment is affirmed.

Moore, P. J., concurred.

McCOMB, J., Dissenting.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover possession of personal property or its reasonable value, defendants Hamburger and Mandell appeal.

The essential facts are these:

Plaintiff and her husband gave up their home, and prior to leaving the city, plaintiff's husband with her consent stored the furniture formerly in their home with a storage company. The same day the furniture was stored, the husband without plaintiff's consent sold it to defendants, who in turn disposed of the furniture prior to the commencement of the present action. Plaintiff and her husband separated the day the furniture was stored and have not lived together since.

This is the sole question necessary to be determined:

*Is furniture stored in a warehouse, furniture "of the home" within the meaning of section 172 of the Civil Code, when the parties in fact are not maintaining a home?*

This question must be answered in the negative. Section 172 of the Civil Code reads in part as follows:

"The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his sepa-

rate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration, or sell, convey, or encumber the *furniture, furnishings, or fittings of the home* . . . without the written consent of the wife.'' (Italics added.)

From a reading of the code section just set forth, it is clear that the legislature intended to prevent the sale of furniture and fittings of a home without the wife's written consent. It is equally evident in the instant case that the furniture disposed of by the husband was not furniture of the home for the reason that the parties did not have a home at the time the furniture was disposed of. Therefore, it was not necessary for plaintiff to consent in writing to the disposition thereof by the husband, and the judgment in favor of the wife against defendants for the value of the furniture which they had purchased and disposed of was error.

For the foregoing reasons in my opinion the judgment appealed from should be reversed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1940.