[Civ. No. 3179. Fourth Dist. Jan. 18, 1946.]

BERNIECE LYNN, Appellant, v. BETTY HERMAN, Respondent.

Siemon, Maas & Siemon and Alfred Siemon for Appellant.

W. C. Dorris and C. Fleharty, Jr., for Respondent.

MARKS, J.—This is an appeal from a judgment denying plaintiff's claim to the right of delivery of an automobile to her.

Plaintiff brought this action in the usual form of claim and delivery to recover possession of a Studebaker sedan, alleging that defendant wrongfully removed it from her possession on May 24, 1944. Defendant admitted taking possession of the car on that date. Her counsel states that she gave bond to retain possession and that the car has remained in her possession ever since, which we assume to be true.

Among many incompetent and irrelevant matters set forth in the pleading and evidence of defendant we gather the following pertinent facts: That Charles Herman and defendant were husband and wife at all times material here; that they purchased the automobile in question in July, 1943; that $100 of the purchase price was paid by Charles Herman out of his earnings; that all other payments were made out of the earnings of defendant; that Charles Herman was inducted into the armed services some weeks before May 24, 1944; that he gave the car to plaintiff without consideration and

without defendant's consent; that plaintiff had possession of it for about a month prior to May 24, 1944; that a registration certificate (pink slip) was issued, dated May 31, 1944, showing plaintiff to be the legal owner of the car; that the reasonable rental value of the car was two dollars a day.

Plaintiff did not testify and was not present at the trial. Her counsel introduced the registration certificate in evidence and rested. If we understand his position correctly, he maintains that the registration certificate is conclusive and unimpeachable evidence of title and ownership; that the right of possession follows ownership; that parol evidence tending to impeach plaintiff's title, as shown by the registration certificate, was improperly admitted over his objection because it contradicted the terms of a written instrument. He cites various sections of the Vehicle Code having to do with registration of vehicles, and particularly section 186 of that Code, and *Coca Cola Bottling Co.* v. *Feliciano*, 32 Cal.App.2d 351 [89 P.2d 686], and *Bank of America* v. *National Funding Corp.*, 45 Cal.App.2d 320 [114 P.2d 149].

Clearly section 186 of the Vehicle Code cannot be given the construction urged by plaintiff. It deals with the vesting of title in a new owner and provides that title shall not pass until the formalities of registration have been undertaken. It does not purport to provide that the title evidenced by the registration certificate shall be conclusive, unimpeachable, and free from all forms of attack. That the Legislature did not intend to give any such effect to a registration certificate is shown by section 223 of the Vehicle Code which, in subdivision ''a,'' provides for the revocation of a registration certificate ''When the department is satisfied that such registration or that such certificate, card, plate or permit was fraudulently obtained or erroneously issued.''

The case of *Coca Cola Bottling Co.* v. *Feliciano, supra,* does not aid plaintiff here. The Coca Cola Bottling Company was a judgment creditor of Frank Feliciano and levied execution on four trucks of which Feliciano was the registered owner. He had transferred the trucks to a third party claimant who had failed to have new registration certificates issued in his name. On appeal it was very properly held that the lien of the judgment creditor was superior to the claim of the third party claimant as title had not vested in the new owner by the issuance of a new registration certificate as provided in section 186 of the Vehicle Code.

The case of *Bank of America* v. *National Funding Corp.*, *supra*, was decided on the doctrine of estoppel under the familiar rule of equity that where one of two innocent persons must suffer by the act of a third, he whose negligence caused the loss must be the sufferer. If that case is authority at all here it favors the defendant for the lien of the Bank of America and the ownership of it and the innocent purchaser was upheld although no registration certificate had been issued to either.

The argument that it was error to admit parol evidence to attack the title of plaintiff to the automobile as shown by the registration certificate, on the ground that it tended to vary the terms of a written contract, lacks convincing force for several reasons. In the first place that rule applies only between the parties to a transaction or their successors in interest. (Code Civ. Proc., § 1856; *Heinfelt* v. *Arth*, 4 Cal. App.2d 381 [41 P.2d 191].) There is nothing to indicate that defendant had anything to do with the attempted transfer or even knew of it until after plaintiff had possession of the car.

Further, as said in *Cooper* v. *Cooper*, 3 Cal.App.2d 154 [39 P.2d 820]:

"Oral evidence is competent to prove that a purported promissory note or written contract was executed as a mere artifice affecting the relationship or conduct of the parties thereto, and that it was not the intention of the parties that it should become binding upon them. Under such circumstances the reception of oral evidence does not have the effect of varying the terms of the written instrument, but rather tends to prove the invalidity of the challenged document. (*P. A. Smith Co.* v. *Muller*, 201 Cal. 219 [256 P. 411, 412]; *Texas Co.* v. *Berry Garage*, 121 Cal.App. 455 [9 P.2d 241]; *Gleeson* v. *Dunn*, 113 Cal.App. 347 [298 P. 119]; *Allen's Collection Agency* v. *Lee*, 73 Cal.App. 68 [238 P. 169]; sec. 3097, Civ. Code.)"

Section 172 of the Civil Code provides in effect that while a husband has the management and control of the community personal property he cannot give it away or sell or dispose of it without consideration without the written consent of his wife. Here it is clear that the automobile was community property and that the defendant wife did not consent to its gift to plaintiff by Charles Herman.

This section has been applied in many cases in California.

In *Ballinger* v. *Ballinger*, 9 Cal.2d 330 [70 P.2d 629], it was said:

"The gift of community property by the husband without the consent of the wife may be set aside in its entirety by the wife during the lifetime of her husband. (*Britton* v. *Hammell*, 4 Cal.2d 690 [52 P.2d 221]), and after his death may be set (aside) as to one-half thereof (*Trimble* v. *Trimble*, 219 Cal. 340 [26 P.2d 477].)" (See, also, *Blethen* v. *Pacific Mutual Life Ins. Co. of Cal.*, 198 Cal. 91 [243 P. 431]; *Britton* v. *Bryson*, 216 Cal. 362 [14 P.2d 502]; *Mundt* v. *Connecticut General Life Ins. Co.*, 35 Cal.App.2d 416 [95 P.2d 966]; *Matthews* v. *Hamburger*, 36 Cal.App.2d 182 [97 P.2d 465]; *Bazzell* v. *Endriss*, 41 Cal.App.2d 463 [107 P.2d 49].)

Under the foregoing authorities we are of the opinion that the trial court was correct in awarding the automobile to defendant on proof that she was the wife of Charles Herman, that the automobile was their community property and that it was given to plaintiff by Charles Herman without consideration and without the consent of the wife.

Plaintiff argues there is no evidence in the record justifying the conclusion that Charles Herman gave the car to her without consideration. Defendant testified that two days after she had taken possession of the automobile she had a conversation with plaintiff in which the latter stated, "I took your husband and I didn't pay for the car."

This is the only evidence we can find in the record on the subject of consideration for the attempted transfer of title to plaintiff. While the evidence is meager it was not contradicted in any way and we regard it as sufficient to support the conclusion of a gift without consideration.

In the verdict returned by the jury, and the judgment entered on the verdict, it was provided that defendant was entitled to the return of the automobile, "or if that cannot be had, the value thereof, in the sum of $1499.00." On motion for new trial the quoted words were stricken from the judgment because defendant had possession of the car. There may be some question of the trial court's power to amend the judgment under the circumstances of this case. (See Code Civ. Proc., § 662.) However, on appeal this court has such power (Const., art. VI, § 4¾; Code Civ. Proc., § 53) and without pursuing the question further we will exercise it.

The judgment is modified by striking from the last paragraph thereof, the following words and figures: "Or if that

cannot be had, the value thereof, in the sum of $1499.00,''
and as so modified the judgment is affirmed, respondent to
recover her costs on appeal.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court
was denied March 18, 1946.