OPINION. TURNER, Judge: The petitioners take the position that the evidence shows that the trusts set up by Harper for their children were valid, subsisting, and irrevocable and that under the circumstances presented all of the income of the trusts was taxable to the trusts and no part thereof was taxable to either of the petitioners. The respondent contends that the income of the trusts was taxable to petitioners in equal amounts under sections 22 (a), 166, and 167 of the Internal Revenue Code. The respondent bases his contention that the income of the trusts was taxable to the petitioners under section 166 on the ground that the trusts were revocable by Mrs. Harper, a person who did not under the trust have a substantial adverse interest in the trust corpus or the income therefrom. Section 166 of the Internal Revenue Code provides that, where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor. The Civil Code of California (1987), section 172, provides as follows: Management of Community Personal Property: Limitations: Consent of Wife. The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration, * * * without the written consent of the wife. Where a husband makes a gift of community property without the written consent of the wife, section 172 does not make the gift void, but merely voidable at the option of the wife. The property vests immediately in the donee, but subject to the wife’s right to revoke the gift and reinstate the property as part of the community property. Spreckels v. Spreckels, 172 Cal. 775; 158 Pac. 537; Blethen v. Pacific Mutual Life Ins. Co., 198 Cal. 91; 243 Pac. 431; Lahaney v. Lahaney, 208 Cal. 323; 281 Pac. 67; Ballinger v. Ballinger, 9 Cal. (2d) 330; 70 Pac. (2d) 629. The exercise of the wife’s right must occur before the expiration of the period of limitations applicable thereto. Spreckels v. Spreckels, supra; Ballinger v. Ballinger, supra; Cooper v. Cooper, 3 Cal. App. (2d) 154; 39 Pac. (2d) 820. The wife may, at any time, give her written consent to the gift, and if she does the gift becomes absolute as to her. Such written consent may be in language other than a mere recital that her consent is thereby being given. Spreckels v. Spreckels, supra; Metzger v. Vestal, 2 Cal. (2d) 517; 42 Pac. (2d) 67. Concededly, Mrs. Harper never signed the trust instrument of February 11, 1939, and the petitioners admit that, while they knew that under the California law a wife’s consent was necessary to make a gift of community property, they were not advised of the provisions of section 172 of the Civil Code of that state requiring her written consent. Nevertheless, they urge that, since Mrs. Harper knew of the gifts, orally consented to them, and subsequently filed her 1940 income tax return omitting therefrom all income from the gifts, the law of California is not necessarily determinative and that for Federal income tax purposes it must be held that she was bound by the gifts. To concede the contention of the petitioners would defeat the will of Congress as expressed in section 166 of the Internal Revenue Code, if, under the law of California and the facts presented, Mrs. Harper had the power to effect a revocation of the trusts. The petitioners contend that by reason of the gifts to trusts Mrs. Harper was benefited by being relieved of payment of the tax on the income therefrom and further 'that she accepted such benefit by reporting no part of the income in her 1940 income tax return. On the basis of that contention they urge that, if the law of California is held to be determinative, then under the holding of the Supreme Court of that state in Lahaney v. Lahaney, supra, we must hold that she was estopped from revoking the trusts on the ground that the gifts had been made without her written consent thereto. The facts in Lahaney v. Lahaney are not comparable to those presented here. In that case a husband, without the knowledge of the wife, executed and delivered to his sister a deed of gift conveying to her and the wife undivided one-half interests in certain community property. Following the death of the husband and in a proceeding to determine the rights of the sister and the wife, the court held that the wife, having received under the deed, and having accepted her undivided one-half interest in the property, was without right to attack the husband’s contemporaneous gift to another of his own equal undivided interest in the same property. By the trust instrument involved herein, Mrs. Harper was given nothing and there was no such setting apart of interests in community property as in Lahaney v. Lahaney, supra. Pointing to section 338 of the California Code of Civil Procedure, which provides that an action for, among other things, the specific recovery of personal property must be brought within three years, the petitioners state that the right of Mrs. Harper to revoke gifts made on December 1,1936, was barred prior to 1940, the taxable year involved herein, and that her right to revoke the gifts made on February 11, 1939, was barred not later than February 11, 1942. They contend that, in view of this and because the 1939 gifts were merely the consummation of a plan initiated in 1936, it should be concluded that at all times during 1940 Mrs. Harper’s right to revoke was barred. From the evidence presented, we are unable to find that Harper made any gifts of stock to the children in 1936. It is true that on December 1, 1936, he had separate trust certificates for 147 shares of preferred stock and 96 shares of common stock in Sea Food issued in his name as trustee, but the certificates fail to disclose any name or names of the person or persons with whom the intimated trust relationship existed. The evidence shows that no trust instrument was executed at the time, but that Harper intended that at some time in the future, when he had decided upon the terms thereof, he would execute an instrument to show that the preferred stock was held for the benefit of his daughter and the common stock for the benefit of his son. The most that we can spell out of that is that in 1936 he intended at some future time to give the stock in trust to the children on such terms as he might determine upon after further consideration of the matter. At one point in his testimony Harper stated that on December 1, 1936, when the shares were transferred into his name as trustee, he intended at that time to make his daughter and his son a gift of that stock at that time. The trust instrument executed on February 11, 1939, described said shares as having been “transferred to Virginia and Donald respectively, December 1, 1936.” If Harper had intended to make and had made present and completed gifts of shares of stock to the children on December 1, 1936, as now contended, they became the owners of the stock at that time and he was thereafter without any right to set the stock up in trust on such terms as are contained in the instrument of February 11, 1939. The petitioners make no attempt to, nor are we able to, reconcile his action in 1939 with his testimony that present gifts were made in 1936. If it be assumed that the transfers of the shares into Harper’s name as trustee on December 1, 1936, constituted present gifts to the children, we could not sustain the contention of the petitioners that prior to 1940 limitations had run against Mrs. Harper’s right to revoke as to such shares. Where the wife has knowledge of a gift or is put on inquiry concerning it, limitations begin to run immediately, but where she does not know of it at the time it is made, limitations begin to run as soon as she discovers the fact or in the exercise of reasonable diligence should have discovered it. Spreckels v. Spreckels, supra. There is nothing in the record to indicate that in 1936 Mrs. Harper had knowledge of the transfers on December 1, 1936, or was put on inquiry concerning them. So far as disclosed, the earliest date she learned of them or had occasion to learn of them was at or about the time the trust instrument was executed on February 11, 1939. Finding no basis for according treatment to the shares covered by the transfers on December 1, 1936, different from the treatment accorded to the remaining shares covered by the trust instrument of February 11, 1939, and being of the opinion that throughout 1940 limitations had not run against Mrs. Harper’s right to revoke as to all the shares, we think the contention of the petitioners that limitations had so run must be denied. Finally, the petitioners contend that, when in 1941 Mrs. Harper filed her 1940 income tax return in which she reported none of the income of the trusts, she thereby ratified the gifts and that in filing her petition against the deficiency involved herein as to her she definitely ratified and expressed her consent that' at all times the gifts were effective as to her as well as to Harper. The end sought by the argument of petitioners is similar to that sought in George S. Gaylord, 3 T. C. 281; on appeal to the Circuit Court of Appeals for the Ninth Circuit. In that case the taxpayers, relying on an instrument executed by them subsequent to the close of the taxable years there involved, sought to have us hold that said instrument rendered irrevocable during the taxable years a trust instrument that was otherwise revocable under California law during the taxable years. We rejected the contention of the taxpayers there, and accordingly reject the contention of the petitioners here. It is our conclusion that Mrs. Harper had the right throughout 1940 to revoke the trusts involved here and reinstate as part of the community property the property held in the trusts, and that the respondent correctly determined that the income from the trust property was taxable to petitioners as community income. Having concluded that the income from the trust property was taxable to petitioners under section 166, it becomes unnecessary to determine whether it was also taxable to them under sections 22 (a) and 167, or to determine an alternative affirmative issue raised by the respondent and to be considered in event we should find from the evidence that the property transferred to trust was not community property. Reviewed by the Court. Decision will be entered for the respondent.