**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gregory Alan SIMPSON,**
**Defendant-Appellant.**

**No. 75–3362.**

United States Court of Appeals,
Ninth Circuit.

June 18, 1976.

As Amended on Denial of Rehearing and Rehearing En Banc Sept. 3, 1976.

Martha Goldin (argued), of Goldin & Goldin, Hollywood, Cal., for defendant-appellant.

Brendan D. Lynch, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before BROWNING and WALLACE, Circuit Judges, and VAN PELT,* District Judge.

PER CURIAM:

Simpson was convicted of embezzling a California automobile ownership certificate from his employer bank in violation of 18 U.S.C § 656. His major contention is that though a crime may have been committed, there is an absence of proof as to the essential elements of a violation of section 656. We affirm.

■ The basis of the government's case was that Simpson's employer had made a loan on a Datsun automobile and had in its possession a note, security agreement and ownership certificate (pink slip). Simpson worked in the department where the certificate was kept. The claim is that in return for $800, Simpson provided the certificate with the forged signature of a bank officer releasing the bank's interest to a third party so that the Datsun could be sold free of the lien.

Section 656 states in part:

Whoever, being an . . . employee of . . . [any designated bank] . . . embezzles, abstracts, purloins or willfully misapplies . . . any moneys, funds, assets or securities intrusted to the custody or care of such bank . . . shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . .

To constitute a violation, the ownership certificate must qualify as an "asset" and must have been in the possession of the bank. Simpson contends that neither requirement was met. We disagree.

Simpson contends that the certificate is a mere indicium of ownership and cannot be considered an asset. He concedes that a stock certificate is an asset but contends the ownership certificate is not similar in that it is not the embodiment of an interest. The government concedes that the certificate is not tantamount to actual ownership of a vehicle but contends that it is an asset in that it "is the intangible property of a secured indebtedness."

No case has been called to our attention nor have we found one which rules whether a California certificate of ownership is an asset for purposes of section 656. However, we conclude that the certificate is similar enough to a stock certificate that we cannot make a rational distinction between the two and still carry out the manifest intent of section 656. Thus we hold that a California

---

* Honorable Robert Van Pelt, United States District Judge, District of Nebraska, sitting by designation.

ownership certificate qualifies as an asset as included in section 656.

■ The bank has a security interest in the car which is represented both by a security agreement and the certificate of ownership. Under the California scheme, the security interest may be created by the security agreement alone, but it is not perfected until the bank applies for a pink slip. Cal.Veh.Code § 6300. The pink slip is issued to the bank as "legal owner," meaning the holder of a security interest. *Id.* § 370. Thereafter the bank cannot release or transfer its interest without endorsing and delivering the pink slip. *Id.* § 5600. While the certificate is not conclusive on the issue of title, it is important evidence. *Caccamo v. Swanston*, 94 Cal.App.2d 957, 964, 212 P.2d 246, 251 (1949). There are a few cases where one who is not named on the pink slip has successfully asserted an ownership interest, *e. g., Lynn v. Herman*, 72 Cal. App.2d 614, 165 P.2d 54 (1946), and thus it cannot be said that theft of a pink slip necessarily deprives the owner of his interest in the car. But it is clear that where the pink slip is embezzled by the legal owner's employee, who may have apparent authority to deal with the security interest, he may be able to deprive his employer of the security interest. *See Bank of America v. National Funding Corp.*, 45 Cal.App.2d 320, 330–31, 114 P.2d 49, 55–56 (1941). Thus, unlike a negotiable instrument, a pink slip is not the embodiment of an interest, but neither is a stock certificate. A pink slip is, however, significant evidence of the underlying security interest and may be used to deprive the legal owner of his interest altogether. Thus we conclude that it is an "asset" for purposes of section 656.

The second issue raised is whether there was sufficient proof that the certificate was entrusted to the custody or care of the bank. There was no direct testimony on this issue. However, reviewing the evidence most favorably to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the circumstantial evidence was more than adequate. The general procedure followed by the bank in this type of transaction was to keep the certificate in its possession. In addition, Simpson was contacted at the bank and negotiations resulting in Simpson's producing the certificate were initiated. This evidence was clearly sufficient for the jury to conclude the certificate had been in the possession of the bank.

■ The only other question requiring comment pertains to the examination of Simpson by the district judge, before the jury, as to why he did not tell the FBI his version of the source of the $800 paid to him. *Miranda* warnings had been given to Simpson. He had consulted his lawyer and decided to remain silent. The examination was error. Doyle v. Ohio, —— U.S. ——, 96 S.Ct. 2240, 49 L.Ed.2d 91 (June 17, 1976), *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). Although there was no objection, the government advised the district judge of the problem and he gave a curative instruction to the jury. There was no motion for a mistrial. This was not plain error.

No objection was raised in the district court to the remaining issues before us and they were presented for the first time on appeal. None constitute plain error.

AFFIRMED.