[Civ. No. 2117.    Second Appellate District, Division Two.—May 12, 1919.]

AMMEX MOTION PICTURE MANUFACTURING COMPANY (a Corporation), Appellant, v. J. E. ERVAY et al., Respondents.

[1] CLAIM AND DELIVERY—POSSESSION OF PROPERTY—ADMISSION BY PLEADINGS.—Where in an action for the recovery of personal property, together with damages for withholding same, the complaint alleges that on or about a given date one of the defendants named forcibly, wrongfully, and unlawfully entered in and upon said premises and took possession of the personal property, and the defendants by their answer deny that they took possession as alleged, or that "they are still *unlawfully* withholding or *unlawfully* detaining said property," an admission of possession of the property at the time of the commencement of the action is made as a matter of law.

[2] ID.—JOINT TORT-FEASORS—DAMAGES—JUDGMENT.—Where in such action it is found that two of the defendants jointly committed the wrongful acts, both in the taking and the withholding of said property, the judgment for the damages resulting therefrom should run against both defendants.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Patterson Sprigg and Dwight D. Bell for Appellant.

Henning & McGee for Respondents.

THOMAS, J.—This is an appeal by plaintiff, on the judgment-roll alone, from a judgment in its favor decreeing that defendants, or any of them, were not the owners of that certain personal property to recover which, together with damages for withholding same, this action is brought; and further decreeing that plaintiff have judgment against all the defendants, except Ervay, for five hundred dollars, rental value for the use of the property.

[1]   While the suit was pending the property in question was delivered to the plaintiff under the provisions of section 509 et seq. of the Code of Civil Procedure. It is alleged in the complaint "that on or about the eighteenth day of March, A. D. 1915, the defendant J. E. Ervay forcibly, wrongfully, and unlawfully entered in and upon said premises and took possession of the same, together with all the personal property hereinafter set forth," and that "said defendants still unlawfully withhold and detain said property." The defendants by their answer deny that they took possession as alleged, or that "they are still *unlawfully* withholding or *unlawfully* detaining said property," which, as a matter of law, is an admission of possession of the property at the time of the commencement of the action. The answer further alleges that "these defendants are the owners and entitled to the immediate possession of said property"; and further, a specific allegation is made "that defendant Ervay has been seriously damaged by the wrongful action of the plaintiff *in taking said property from him,*" etc.—referring to the taking by the sheriff under affidavit with order indorsed thereon, and undertaking, as provided by section 509 et seq. of the Code of Civil Procedure. This, we think, is an admission by defendants that the property was in their possession at the time of the commencement of this action.

[2]   The court also finds that "*at all times* in said complaint mentioned the said defendants Ervay and Bell forcibly, wrongfully, and unlawfully, and without any right, entered in and upon and took possession of said premises, together with the personal property therein contained, *to*

*the exclusion of the rights of said plaintiff."* Though some-what uncertain in its terms, how can this finding be con-strued, in the light of the admissions of the answer, other than as a statement that both defendants at all times had the possession and control of this property?

It therefore conclusively appears from the record before us that the respondent Ervay was a joint tort-feasor, both in the taking and withholding of said property from plain-tiff, and that, therefore, the court should have adjudged that he, as well as the other defendants, is liable for all damages resulting from their withholding of the property.

Judgment is reversed, and cause remanded with directions to the lower court to enter judgment in accordance with the views herein expressed.

Finlayson, P. J., and Sloane, J., concurred.