[L. A. No. 6087. Department One.—December 22, 1920.]

PEARLINE DAVIS, Respondent, v. JOHN C. CLINE, Sheriff, etc., Appellant.

[1] CLAIM AND DELIVERY—PLEADING—ADMISSION OF POSSESSION.— In an action to recover the possession of personal property, denials that the taking was wrongful and that the withholding is unlawful are admissions of possession at the time of the commencement of the action and no proof on such subject is required.

[2] ID.—LEVY UPON MOTOR TRUCKS—JUDGMENT AGAINST HUSBAND— OWNERSHIP OF WIFE—ABSENCE OF ESTOPPEL.—In an action by a wife to recover the possession of motor trucks levied upon by defendant under a writ of execution issued upon a judgment against the husband, the plaintiff is not estopped from asserting her ownership by reason of the fact that she permitted the trucks to be registered in her name, where neither the judgment creditor nor the defendant in making the levy relied upon any acts, statements, representations, or other conduct of the plaintiff indicating that her husband was the owner.

[3] ESTOPPEL IN PAIS—ESSENTIALS.—There can be no estoppel in pais where no available right is parted with and no injury suffered.

[4] MOTOR VEHICLES—REGISTRATION OF TRANSFERS—ENACTMENT NOT RETROACTIVE.—The provisions of section 8 of the Motor Vehicle Act (Stats. 1917, p. 391), relating to the transfer of ownership of motor vehicles and the issuance of new registration certificates, are inapplicable to transfers made prior to the enactment.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Isaac Pacht and H. L. Sacks for Appellant.

Duke Stone for Respondent.

LAWLOR, J.—This is an appeal by the defendant, John C. Cline, sheriff of Los Angeles County, from a judgment for $2,087 in favor of the plaintiff, Mrs. Pearline Davis, in an action to recover the possession of two motor sight-seeing trucks.

On June 12, 1914, the Pacific Auto Tours Company, a corporation, was organized for the purpose of conducting sight-

seeing trips in the city of Los Angeles. The names of W. A. Davis, husband of the respondent, C. O. De Long, and A. G. Gillespie appeared in the articles of incorporation as the directors and the only subscribers to the capital stock. Subsequently the corporation acquired and operated the two trucks involved in this action. Davis personally conducted the sight-seeing tours and managed "the working part" of the trucks, which were registered with the State Motor Vehicle Department in his name.

Some time in the year 1915, Mrs. Retta Farnsworth recovered a money judgment against Davis, and on September 24, 1918, appellant caused execution upon that judgment to be levied on these trucks as Davis' separate property. This action was commenced on October 4, 1918, respondent alleging that she was the owner and entitled to the possession. In his answer appellant denied respondent's ownership, that he had wrongfully taken possession of the trucks, or that he unlawfully detained them, set up the levy under execution, and, as a separate defense, alleged as an estoppel that respondent had held out Davis as the owner and that in the case of *Farnsworth* v. *Davis* the plaintiff therein believed and relied upon respondent's conduct in such holding out. The cause was tried by jury. At the close of respondent's case appellant moved for a nonsuit, but the motion was denied. The jury found that the trucks were respondent's separate property and that she was entitled to recover their possession or, in the event they could not be delivered to her, the sum of $2,087 in lieu thereof.

[1] 1. Appellant claims, first, "that there was no evidence that the defendant had possession of the auto trucks." The denial in the answer on this point was as follows: "Defendant denies . . . that the defendant *wrongfully* took possession . . . of any of said property. Defendant further denies that he still *unlawfully* holds or retains said property." (Italics ours.) This is almost the identical language of the answer in *Ammex Motion Picture Mfg. Co.* v. *Ervay,* 41 Cal. App. 156, [182 Pac. 312], wherein the court held it was "an admission of possession at the time of the commencement of the action." (See, also, *Woodworth* v. *Knowlton,* 22 Cal. 168.) Since possession of the property was thus admitted by the failure to deny the allegation in the complaint that appellant "still retains possession of the same," it would have been

improper to admit evidence on this point. This contention is without merit.

2. Appellant next claims that "it was error to refuse to give defendant's instructions 1 to 8, inclusive, for the reason that the jury was authorized to find . . . that Pearline Davis, by her acts, words, or conduct allowed her husband, William A. Davis, to appear as the owner of said trucks, . . . and the defendant believed that the said William A. Davis was the owner and levied on all said property as the property of said William A. Davis, and the plaintiff was estopped by her conduct to assert her ownership of said trucks." These instructions were hypothetical in form and contained a statement of the necessary facts upon which the jury might find that the respondent was estopped to set up her ownership because she had held out Davis as the owner. But unless there was evidence upon which the jury might have found the facts essential to an estoppel, it was not only not error, but it was the duty of the court to refuse, to instruct them on that subject.

The evidence on this point was as follows: De Long, called for the respondent, testified that in May, 1914, he purchased three trucks, two of which were the ones which respondent here seeks to recover; that at that time respondent had bought a one-third interest in the three, and had given in payment therefor her check on the All Night and Day Bank (which later became the Hellman Bank) for one thousand dollars or one thousand five hundred dollars; that subsequently he sold another one-third interest in the trucks to Gillespie, and thereupon he, Gillespie, and respondent organized the Pacific Auto Tours Company; that Davis had been hired at three dollars per day "to look after the trucks," given one or two shares of stock, and made president of the corporation; that respondent visited the offices of the company "frequently, four or five times a week"; that thereafter respondent purchased Gillespie's interest; and that on the dissolution of the corporation the trucks were sold outright to her. This testimony was corroborated by Gillespie and respondent herself. The latter further testified on cross-examination that her husband acted as her agent in conducting the business; that with her knowledge and consent the licenses had been issued to him; that she had allowed him to draw checks on her account at the Los Angeles Trust and

Savings Bank; that she could not remember how much she paid to De Long or Gillespie for the trucks; that after the dissolution of the company she continued to conduct the same business under the fictitious name of "Red Auto Bus Line," but that she had never filed for record that name or "any papers designating my husband as my agent." On redirect examination she stated that "the reason why the licenses on the trucks were taken out in the name of W. A. Davis was because he was in the corporation and they [De Long and Gillespie] thought he was the best one to have the licenses. He was there as a driver and he took the licenses in his name. Even before the corporation the licenses were in his name. I myself paid the Motor Vehicle Department for the licenses. . . . The only time I permitted my husband to draw checks on my bank account was one time when I made a trip east and another time when I was sick in the hospital. Mr. W. A. Davis had no interest whatever in either of the trucks the subjects of this suit."

There were four witnesses called by appellant. A. W. Frye, auditor for the Los Angeles Trust and Savings Bank, testified that from July 26th to September 26th, respondent and Davis maintained a joint account in that bank. A. J. Campbell, bookkeeper of the Hellman Bank, stated that respondent had opened a personal account therein on March 17, 1914, and that all the checks drawn by her with one exception were for sums less than $250. A. M. Beaman, assistant cashier of the Security National Bank, one of the banks in which it was claimed the Touring Company had an account, denied that the concern had ever had an account there. And H. L. Sacks stated that prior to the levy of the execution in the *Farnsworth* v. *Davis* case, he and a Mr. Melinkoff called on Davis and Mrs. Lucas, both of whom told them that Davis was the owner of these trucks.

Thus, while it is true that respondent allowed the trucks to be registered in her husband's name, there is no evidence that either Mrs. Farnsworth or appellant in levying on the trucks relied upon any acts, statements, representations by, or other conduct on the part of respondent indicating that Davis was the owner.

[2] But we do not find it necessary to decide whether, as appellant claims, "Pearline Davis . . . allowed her husband to appear as the owner of said trucks," since it does

not appear that appellant has done anything in reliance upon respondent's conduct except to make a levy on the property in suit.

[3] It is a well-settled rule that, "in order to create an estoppel *in pais* the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect. . . . Where no available right is parted with and no injury suffered, there can be no estoppel *in pais*. . . . In the absence of injury, it is of course, immaterial that the other elements of estoppel are present." (21 C. J. 1135. See, also, *Boggs* v. *Merced Mining Co.,* 14 Cal. 279.)

As we have seen, appellant has admitted, by his failure to deny it in his answer, that the trucks are still in his possession. By merely levying on the property neither appellant nor Mrs. Farnsworth has parted with any right to enforce the latter's judgment against any other property, nor has either of them "suffered a loss of a substantial character." It follows that one of the essential elements of an estoppel is lacking. We cannot hold, therefore, it was error to refuse to give the instructions requested by appellant.

3. Finally, it is asserted by appellant that under section 8 of the Motor Vehicle Act (Stats. 1917, p. 391) the intended transfer of the trucks from Gillespie and De Long to respondent "was incomplete and not valid or effective for any purpose." Section 8 reads in part: "Upon the transfer of ownership of any motor vehicle, the person in whose name such vehicle is registered and the person to whom ownership of such vehicle is to be transferred shall forthwith join in a statement of said transfer. . . . Upon such registration the department shall . . . forward . . . a new registration certificate. . . . Until said transferee has received said certificate of registration and has written his name upon the face thereof, . . . delivery of said motor vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose." Appellant's position is that, since the trucks were at all times registered in Davis' name, it must be held that the respondent never acquired title thereto. [4] It is a sufficient answer to this claim to remark that the transaction by which

respondent asserts she became the owner, through the sale to her by De Long and Gillespie of their interest, occurred in 1915. The statute just quoted was not enacted until 1917 and could not affect the prior transfer. Appellant's contention cannot be upheld.

The judgment is affirmed.

Shaw, J., and Olney, J., concurred.