[Civ. No. 11815.   First Dist., Div. Two.   Feb. 2, 1942.]

J. L. CARPENTER, Respondent, v. J. R. DEVITT, Appellant.

W. A. Deans for Appellant.

J. L. Carpenter in pro. per. for Respondent.

DOOLING, J. pro tem.—Appeal from a judgment for the value of an automobile in an action for conversion. Defendant and appellant, as sheriff of Santa Cruz County, levied a writ of execution upon the automobile to satisfy a judgment against A. R. Carpenter. Plaintiff and respondent filed a third party claim pursuant to section 689, Code of Civil Procedure, and the execution creditor having given the sheriff the undertaking provided for in that section, the sheriff sold the automobile at execution sale. This action followed.

The evidence showed that one Watkins, a dealer, had originally sold the automobile to A. R. Carpenter on conditional sale contract. A. R. Carpenter having defaulted in certain payments Watkins repossessed the automobile. Thereafter respondent J. L. Carpenter (who is the father of A. R. Carpenter), A. R. Carpenter and Watkins entered into an agreement among themselves whereby respondent assumed the balance of the payments under the contract with his son, paid Watkins the amount then due plus the costs of repossession and the car was delivered to respondent as purchaser. The car had been registered in the names of Watkins as legal owner and A. R. Carpenter as registered owner. No change was made in the registration. Respondent continued to make the payments to Watkins and at the time of the levy on the car only one monthly instalment remained unpaid. The indebtedness upon which the judgment and execution were based was not incurred in reliance upon the apparent ownership of the car by A. R. Carpenter.

Appellant relies upon section 186 of the Vehicle Code and the case of *Coca Cola Bottling Co.* v. *Feliciano*, 32 Cal. App. (2d) 351 [89 Pac. (2d) 686]. Section 186 of the Vehicle Code read at the time of the execution:

"No transfer of the title or any interest in or to a vehicle registered hereunder shall pass nor shall delivery of any said vehicle be deemed to have been made and any attempted

transfer shall not be effective for any purpose until transfer of registration is made and the department has issued a new certificate of ownership and registration card with respect thereto as provided herein, except as a transferor may be estopped by law to deny a transfer. . . .''

In *Coca Cola Bottling Co.* v. *Feliciano, supra,* the court did not discuss or decide the effect of the proviso of this section which reads ''except as a transferor may be estopped by law to deny a transfer.''

In the later case of *Dennis* v. *Bank of America etc. Assn.,* 34 Cal. App. (2d) 618 at p. 623 [94 Pac. (2d) 51] the court said of this proviso:

''The same section also provides that the provisions hereof cannot be availed of by a transferor who 'may be estopped by law to deny a transfer.' In *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848], this language was construed to mean that where, as in the case before us, the transfering dealer by his own act and agreement placed respondent in the 'immediate and exclusive' possession of the automobile, such transferor cannot invoke the provisions of the quoted statute.''

It is plain under the authorities that in a suit between respondent and A. R. Carpenter the latter would be ''estopped by law to deny the transfer.'' (*Dennis* v. *Bank of America etc. Assn., supra; Boles* v. *Stiles, supra; Pacific Acceptance Corp.* v. *Jones,* 95 Cal. App. 365, 370 [272 Pac. 1084] ; *Kenny* v. *Christensen,* 200 Cal. 419, 423-4 [253 Pac. 715, 50 A. L. R. 1297].)

The execution creditor and the sheriff acting for him in attempting to satisfy the judgment debt by execution are privies of the judgment debtor and take no better title than the judgment debtor possesses. They are bound by the same estoppel that binds him.

''The lien of an execution and attachment proceedings attaches to the real and not to the apparent interest of a judgment debtor in and to his property, and the purchaser at an execution sale takes subject to such existing liens and equities as the property was subject to in the hands of the debtor, unless he can show he purchased the same without notice, either actual or constructive, of the existence of such liens or equities.'' (*Richman* v. *Bank of Perris,* 102 Cal. App. 71, 88 [282 Pac. 801] ; *Anglo-California Trust Co.* v. *Oakland Railways,* 193 Cal. 451, 469 [225 Pac. 452] ; *Wood Estate Co.* v. *Chanslor,* 209 Cal. 241 [286 Pac. 1001].)

In *Wood Estate Co.* v. *Chanslor, supra,* the court applied this rule specifically to an estoppel of the judgment debtor, saying at page 250:

"It is too elementary to need citation of authority that if the corporation is estopped, in absence of fraud, the estoppel likewise applies against the creditors of the corporation. This is so because the creditors get only the rights of the debtor, and no more. (10 Cal. Jur. 652.)"

It follows that A. R. Carpenter being estopped to deny the title of respondent the appellant sheriff, acting with full knowledge of respondent's rights as set out in his third party claim, was bound by the same estoppel.

The respondent having had possession of the automobile at the time of the levy and appellant being estopped to deny his title the action for conversion was properly maintained. (*Pendell* v. *Thomas,* 95 Cal. App. 33 [272 Pac. 306]; *Davis* v. *Cline,* 184 Cal. 548 [195 Pac. 42]; *Mueseler* v. *Bridgewater,* 138 Cal. App. 217 [31 Pac. (2d) 1089].)

Judgment affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 2, 1942.