SHAW, P. J.
 

 This is an appeal by the plaintiff from a judgment given under section 689 of the Code of Civil Procedure in favor of the third party claimant after a levy of execution. The property levied upon, a 1942 model automobile, was bought from a dealer in November, 1941, on a conditional sale contract, was then registered with the State Vehicle Department in the name of the claimant’s mother, who is the defendant against whom the execution runs, and remained so registered at the time of the levy.
 

 The plaintiff contends that the registration of the automobile as above stated makes it subject to the levy, either because
 
 *Supp. 830
 
 the claimant did not obtain a transfer of the car and its registration to her in the manner provided by the Vehicle Code, section 186, or because the registration of the car to her mother instead of herself was not in conformity to the Vehicle Code provisions regarding new registrations and was therefore void.
 

 Section 175 of the Vehicle Code, which provides how a transfer of a registered vehicle shall be made, and section 186 which declares such a transfer ineffective unless made and completed by a change of registration in the manner so provided, are limited by their own terms to vehicles registered under the Vehicle Code. They do not apply at all to a vehicle not so registered, and there is no provision of the Vehicle Code which applies to or limits the acquisition or transfer of ownership in a new, unregistered vehicle until it is driven or moved upon a highway with some part of it in contact with the highway. Sections 140 and 141 of the Vehicle Code, which provide for and require the original registration of motor vehicles, do not operate upon a vehicle unless it is so driven or moved. Prior to that time the same rules apply as in case of other personal property generally.
 

 In this case it does not definitely appear from the record that the automobile was new and unregistered at the time of its purchase, although it is quite likely that a 1942 model car bought in November, 1941, was then in that condition. However, the parties agree here that the automobile was in that condition when bought, so we accept this as one of the facts of the case. It further appears that the conditional sale contract was signed by the defendant in claimant’s presence, and that with claimant’s knowledge and consent the car was registered in the name of defendant as owner and Universal Credit Company as legal owner, but this was done as a matter of convenience, and claimant made all payments upon the purchase price of the car, regarded it as hers and had no intention of making a gift of it to defendant. The testimony showing these facts was accepted by the trial court as true and we are bound by its decision.
 

 On the facts above stated, as soon as the contract of sale was signed a resulting trust arose in favor of the third party claimant, whereby she became the beneficial owner of all rights appearing to be in defendant by reason of the contract.
 
 (Goes
 
 v.
 
 Perry
 
 (1941), 18 Cal.2d 373, 379 [115 P.2d 441];
 
 Kirk White & Co.
 
 v.
 
 Bieg-Koffine Co.
 
 (1935), 6 Cal.App.2d 188,
 
 *Supp. 831
 
 191 [44 P.2d 439]
 
 ; Thompson
 
 v.
 
 Bank of California
 
 (1906), 4 Cal.App. 660, 667 [88 P. 987].) The presumption arising from the furnishing of the funds for the purchase by claimant is subject to rebuttal by evidence showing a gift was intended (25 Cal.Jur. 191), but the relationship between the parties here (claimant being the daughter of defendant) does not give rise to any rebutting inference (65 C.J. 416) as it would if the relationship were reversed.
 
 (Quinn
 
 v.
 
 Reilly
 
 (1926), 198 Cal. 465, 468 [245 P. 1091] ;
 
 Altramano
 
 v.
 
 Swan
 
 (1942), 20 Cal.2d 622, 628 [128 P.2d 353] ;
 
 Gomez
 
 v.
 
 Cecena
 
 (1940) , 15 Cal.2d 363, 367 [101 P.2d 477].) Moreover, if there were such an inference it would also be rebuttable, and the trial court’s implied finding that there was no gift is supported by claimant’s testimony to that effect.
 

 The plaintiff was therefore not entitled to levy on this car to enforce its judgment against the defendant, since it could acquire by the levy no greater rights than the defendant actually had.
 
 (Kinnison
 
 v.
 
 Guaranty Liquidating Corp.
 
 (1941) , 18 Cal.2'd 256, 263 [115 P.2d 450];
 
 Jensen
 
 v.
 
 Hugh Evans & Co.
 
 (1941), 18 Cal.2d 290, 301 [115 P.2d 471];
 
 Kirk White & Co.
 
 v.
 
 Bieg-Hoffine Co., supra; Carpenter
 
 v.
 
 Devitt
 
 (1942) , 49 Cal.App.2d 473, 475 [122 P.2d 79].) An exception to this rule would exist if plaintiff had extended credit to defendant in reliance on her ownership of the car
 
 (Sidney
 
 v.
 
 Wilson
 
 (1924), 67 Cal.App. 282, 291 [227 P. 672]), but the record negatives that possibility.
 

 The rights of the third party claimant, which lawfully attached upon the purchase of the car, were not forfeited or taken away because of the subsequent registration of the car in the name of another. That registration may have been improperly made and subject to revocation by the Vehicle Department (Veh. Code, § 223), and it might have been refused when applied for, if the true facts as to ownership had been known (Veh. Code, §§ 148, 149); but while such revocation or refusal would preclude the operation of the car upon the highways (Veh. Code, § 140), there is nothing in the code or elsewhere in the law that would alter the property rights of the parties by reason of such revocation or refusal. The Vehicle Code contains no provision similar to that found in the Torrens Title Law affecting real property whereby the cer
 
 *Supp. 832
 
 tificate of registration is made conclusive on the title to the registered property.
 

 The judgment is affirmed, respondent to recover costs of appeal.
 

 Fox, J., and Kincaid, J. pro tern., concurred.