[Civ. No. 7955. Third Dist. Dec. 10, 1951.]

VICTOR GATES, Respondent, v. J. W. LEVERS, Appellant.

Wallace Shepard and James D. Meredith for Appellant.

Emerson W. Read for Respondent.

ADAMS, P. J.—Plaintiff brought this action to recover from defendant money he had paid for a house trailer under a conditional sales contract, basing his action on misrepresentation and fraud, followed by rescission. Defendant demurred to the complaint, and said demurrer being overruled filed his answer denying misrepresentations. The action was tried by the court sitting without a jury, and at the conclusion of plaintiff's evidence defendant made a motion for a nonsuit. The court suggested that it would take the motion under submission and would hear defendant's evidence. Defendant, however, declined to offer any evidence and rested on his motion. The court thereupon made findings in favor of plaintiff and entered a judgment against defendant, from which judgment defendant has appealed.

Appellant's main contention for a reversal is that respondent was not the owner of the trailer, as records of the Motor Vehicle Department showed Marcelene Fisher, plaintiff's sister, as the registered owner, and Security Acceptance Corporation, Sacramento, as the legal owner, and he urges that this record is conclusive as against any claim by plaintiff to the house trailer, with the result that his rejected offer to restore was legally insufficient to establish rescission.

Plaintiff testified that he put the trailer in his sister's name and signed her name to the application for registration as he wanted the trailer to be in her name; he stated that he had personally entered into the contract for purchase of the trailer on July 19, 1948, and had made a down payment and monthly payments until about August, 1949, when he suffered a stroke of paralysis and was unable thereafter to sign checks. His sister then took over and made the payments thereafter, and plaintiff transferred his residence from Sacramento and went to live with his sister in San Francsco. He also testified that of the original down payment of $1,500

his sister put up $600 which he still owed her, and that she had made seven or eight installment payments since he became ill. However, plaintiff, who bought the trailer as. a place of residence, had lived in and had possession of it, and his sister never had possession.

Marcelene Fisher testified that she was with her brother in North Sacramento about the time that the contract was made and was in defendant's trailer yard just prior to the making of said contract and had then looked at the trailer. She testified as to matters pertaining to the representations by the seller and as to the conditions which resulted from the alleged failure of the trailer to meet them. But she asserted no interest in the trailer and appeared to be satisfied to have her brother succeed in the action to her exclusion.

Neither in the defendant's demurrer nor in his answer did appellant raise any issue of plaintiff's title or interest in the trailer, and the record shows that when plaintiff complained to defendant that the trailer had been misrepresented, defendant, in meeting and corresponding with him, recognized him as the owner of the trailer.

We do not agree with appellant's contention that the records of the Motor Vehicle Department necessarily and conclusively establish the true ownership. (*Henry* v. *General Forming, Ltd.,* 33 Cal.2d 223, 226 [200 P.2d 785]; *Logan* v. *Serpa,* 91 Cal.App.2d 818, 822 [206 P.2d 70]; *Willard H. George, Ltd.* v. *Barnett,* 65 Cal.App.2d Supp. 828 [150 P.2d 591]; *Lynn* v. *Herman,* 72 Cal.App.2d 614, 616 [165 P.2d 54].) In *Logan v. Serpa, supra,* the court said: "It has been held that a certificate of registration does not necessarily or conclusively establish true ownership and that a different ownership may be shown under certain circumstances which would bring the true owner within the provisions of section 402 of the Vehicle Code. (*McCalla* v. *Grosse,* 42 Cal.App.2d 546 [109 P.2d 358].)" In *Willard H. George, Ltd.* v. *Barnett, supra,* which was cited with approval in *Henry* v. *General Forming, Ltd., supra,* an appeal was taken from a judgment in favor of a third party claimant after a levy of execution. The property levied upon was bought from a dealer on a conditional sale contract, but was registered in the name of the claimant's mother. The court said, at page 830, that it appeared that the conditional sale contract was signed by defendant in claimant's presence, and that with claimant's knowledge and consent the car was registered in the name of defendant as owner and Universal Credit Company as legal owner, but

that this was done as a matter of convenience and that claimant made all payments upon the purchase price of the car, regarded it as hers and had no intention of making a gift of it to defendant; and the trial court having accepted these facts as true, the appellate court stated that it was bound by that decision—that the rights of the third party claimant which lawfully attached upon the purchase of the car were not forfeited or taken away because of the subsequent registration of the car in the name of another; and it added, at page 831: "The Vehicle Code contains no provision similar to that found in the Torrens Title Law affecting real property whereby the certificate of registration is made conclusive on the title to the registered property." In *Lynn* v. *Herman, supra* (hearing in the Supreme Court denied), the court said: "Clearly section 186 of the Vehicle Code cannot be given the construction urged by plaintiff. It deals with the vesting of title in a new owner and provides that title shall not pass until the formalities of registration have been undertaken. It does not purport to provide that the title evidenced by the registration certificate shall be conclusive, unimpeachable, and free from all forms of attack. That the Legislature did not intend to give any such effect to a registration certificate is shown by section 223 of the Vehicle Code which, in subdivision 'a', provides for the revocation of a registration certificate 'When the department is satisfied that such registration or that such certificate, card, plate or permit was fraudulently obtained or erroneously issued.' "

From the evidence in the case we are satisfied that the trial court properly concluded that plaintiff was the owner of the trailer despite the registration certificate; and that rescission in fact was made out by the evidence. For this reason other contentions made by appellant require no consideration and the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1952.