**In re Anthony F. STINSON, Debtor.**

**Herbert R. Green, Appellant,**

v.

**John R. Roberts, Chapter 7 trustee, Appellee.**

**BAP No. EC–10–1082–JuMkZ. Bankruptcy No. 09–27208. Adversary No. 09–2540.**

United States Bankruptcy Appellate Panel for the Ninth Circuit.

Argued and Submitted on Nov. 18, 2010.

Decided Dec. 29, 2010.

Herbert R. Green, pro se.

John R. Roberts, Esq., pro se.

Before: JURY, MARKELL, and ZIVE,[1] Bankruptcy Judges.

## OPINION

JURY, Bankruptcy Judge.

Chapter 7[2] trustee, John R. Roberts, commenced an adversary proceeding against appellant Herbert R. Green ("Green"), alleging that the transfer of a 2004 Chevrolet Silverado 1500 pickup truck from debtor Anthony F. Stinson to Green was a voidable preference under § 547(b). After trial, the bankruptcy court entered judgment for the trustee setting aside the transfer and entered

1. Hon. Gregg W. Zive, Bankruptcy Judge for the District of Nevada, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankrupt-cy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

judgment against Green in the sum of $9,415.

This appeal raises an issue of first impression concerning the perfection of an ownership interest in a motor vehicle under California law. Green contends the bankruptcy court erred in holding that his ownership interest in the truck was perfected when he mailed the certificate of title for the truck to the State of California, Department of Motor Vehicles ("DMV") in accordance with the registration requirements under Cal. Veh.Code § 5600. Green argues that, under California law, his interest in the truck was sufficiently complete when he obtained equitable title and possession of the vehicle even though he had not yet complied with Cal. Veh.Code § 5600. Therefore, Green maintains that the transfer was made outside the preference period and was not avoidable. We agree with Green and REVERSE.

## I. STATEMENT OF THE CASE AND UNDISPUTED FACTS

Prior to 2008, Green, debtor's father-in-law, loaned debtor and his wife money to help pay their expenses. Debtor "repaid" Green by giving him the truck that is the subject of the transfer in this appeal.

In January of 2008, Green took possession of the truck and the certificate of title. Shortly thereafter, Green purchased several automotive parts for the truck. On March 13, 2008, debtor terminated his insurance on the truck. On May 8, 2008, Green added the truck to his insurance policy which showed the "purchase date" of the truck as April 08, 2008. At that time, Green did not take any steps to register his title. On April 10, 2009, Green registered his title with the DMV.

Six days later, on April 16, 2009, debtor filed his chapter 7 petition. Roberts was appointed the chapter 7 trustee. On August 19, 2009, the trustee filed an adversary complaint against Green alleging that the transfer of title to the truck was a preference under § 547(b) and seeking either turnover of the truck or its fair market value of $7,875.

On February 16, 2010, the bankruptcy court held a trial on the matter. Green appeared pro se. Green argued then, as he does now, that the transfer of the title occurred in January 2008 by virtue of his possession and other indicia of ownership which gave him an equitable ownership interest in the truck that was superior to any interest of a judgment creditor of the debtor, and thus was a perfected transfer under § 547(e)(1)(B). The bankruptcy court rejected Green's argument and found that the transfer date for purposes of § 547 was April 10, 2009—the date listed on the certificate of title issued by the DMV to Green. The court therefore found the transfer of the title occurred within the preference period and was avoidable under § 547(b).

Judgment was entered against Green on February 23, 2010. Green timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 over this core proceeding under § 157(b)(2)(F). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred in holding that, as a matter of law, Green was required to comply with the registration requirements under Cal. Veh.Code § 5600 in order to perfect his ownership interest in the truck within the meaning of § 547(e)(1)(B).

## IV. STANDARD OF REVIEW

We review questions of statutory interpretation de novo. *Int'l Ass'n of Firefighters v. City of Vallejo (In re Vallejo)*, 408 B.R. 280, 299 (9th Cir. BAP 2009).

## V. DISCUSSION

■ Under § 547(b), the trustee must prove seven elements to successfully establish and recover a transfer as preferential: (1) a transfer; (2) of an interest in property of the debtor; (3) to or for the benefit of a creditor; (4) for or on account of an antecedent debt; (5) the transfer was made while the debtor was insolvent;[3] (6) made on or within 90 days before the date of the filing of the bankruptcy petition;[4] and (7) that enabled the creditor to receive more than it would otherwise have received if the transfer had not been made and the case had proceeded under chapter 7. § 547(b).

■ The only element in dispute in this appeal is whether the transfer was made within the preference period. Green has the burden of proving any affirmative defenses which would establish the nonavoidability of the transfer. § 547(g). Citing to *In re Marriage of Finnell*, 182 Cal.App.3d 52, 227 Cal.Rptr. 38 (1986), Green asserts that the transfer occurred in January 2008 when he acquired equitable title under California decisional law even though he had not yet complied with the transfer requirements under Cal. Veh.Code § 5600.

■ Section 547(e) governs when a transfer is made for purposes of a preference. Section 547(e)(2) provides:

For the purposes of this section, ..., a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);

(B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; or

(ii) 30 days after such transfer takes effect between the transferor and the transferee.

Thus, for preference purposes, transfers not perfected within thirty days generally are deemed to have occurred at the time of perfection rather than when the transfer takes effect between the transferor and the transferee. Meanwhile, under § 547(e), the perfection date is "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Under § 547(e), the issue of whether a transfer is so perfected as to withstand a lien creditor's challenge is determined by applicable nonbankruptcy law. *See Elliott v. Frontier Props./LP (In re Lewis W. Shurtleff, Inc.)*, 778 F.2d 1416, 1420 (9th Cir.1985) (noting that the date a transfer is perfected turns on state law).

■ Here, the applicable non-bankruptcy law is the Cal. Veh. Code, which provides a comprehensive recording system for motor vehicles "designed to accomplish ... some of the things that the real estate recording statutes accomplish in regard to land and its improvements." *Stoddart v. Peirce*, 53 Cal.2d 105, 346 P.2d 774,

---

**3.** Under § 547(f), the debtor is presumed to have been insolvent on or during the 90 days immediately preceding the date of the filing of the petition.

**4.** For insiders such as Green, the reach-back period is one year. § 547(b)(4)(B).

781 (1959). Cal. Veh.Code § 5600 provides:

(a) No transfer of the title or any interest in or to a vehicle registered under this code shall pass, and any attempted transfer shall not be effective, until the parties thereto have fulfilled either of the following requirements:

(1) The transferor has made proper endorsement and delivery of the certificate of ownership to the transferee as provided in this code and the transferee has delivered to the department or has placed the certificate in the United States mail addressed to the department when and as required under this code with the proper transfer fee, together with the amount required to be paid under Part 1 (commencing with Section 6001), Division 2 of the Revenue and Taxation Code with respect to the use by the transferee of the vehicle, and thereby makes application for a transfer of registration except as otherwise provided in Sections 5905, 5906, 5907, and 5908.

(2) The transferor has delivered to the department or has placed in the United States mail addressed to the department the appropriate documents for the registration or transfer of registration of the vehicle pursuant to the sale or transfer except as provided in Section 5602.

Cal. Veh.Code § 5600(a) plainly states in its opening provision that no transfer of the title *or any interest* in a registered vehicle shall pass unless the certificate of title is delivered or mailed to the DMV. Thus, the plain language of the statute suggests that it applies to both legal and equitable interests.

■ However, California courts have consistently construed the transfer requirements under Cal. Veh.Code § 5600 to apply only to the transfer of legal title and not equitable title. *Plotkin v. Pomona*

*Valley Imports, Inc. (In re Cohen)*, 199 B.R. 709, 714 (9th Cir.BAP1996) (citing *Stoddart v. Peirce*, 346 P.2d at 780). Therefore, under California law, equitable title to a vehicle passes at the time of delivery which means that "transfer of the property interest in a motor vehicle is effective as between the immediate parties even though they have not complied with the registration statute." *Cohen*, 199 B.R. at 714; *quoting Security Pac. Nat'l Bank v. Goodman*, 24 Cal.App.3d 131, 100 Cal. Rptr. 763, 767 (1972), *see also Finnell*, 227 Cal.Rptr. at 40. Accordingly, when debtor transferred the truck to Green in January 2008, equitable title to the truck passed from debtor to Green even though Green did not comply with Cal. Veh.Code § 5600.

■ Further, although DMV title documents are prima facie evidence of ownership, they are not unimpeachable or conclusive evidence of ownership. *Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.*, 218 Cal.App.3d 1354, 268 Cal. Rptr. 16, 20 n. 4 (1990). Cal. Veh.Code § 460 provides that "[a]n 'owner' is a person having all the incidents of ownership, including the legal title of a vehicle...." Therefore, holding legal title is just one indicia of ownership.

■ Vehicle ownership is a fact question for the jury to determine in light of all the circumstances. *Kaley v. Catalina Yachts*, 187 Cal.App.3d 1187, 232 Cal. Rptr. 384, 390 (1986). Here, however, there are no fact questions for a jury. Green presented unrebutted evidence that supported his asserted equitable ownership of the truck. Debtor satisfied his outstanding obligations to Green with the transfer of his truck. Further, the record shows that soon after Green took possession, he purchased automotive parts for the truck. The record also shows that debtor cancelled his insurance on the truck

in March 2008 and in May 2008 Green added the truck to his insurance policy. Finally, the record shows that the truck was in Green's actual possession and control after January 2008. Accordingly, we conclude as a matter of law, that Green, and not debtor, was the owner of the truck when he took possession and became the equitable owner in January 2008 despite the fact that debtor still held legal title.

 Nonetheless, in analyzing when a transfer is made under § 547, we must also consider whether Green's unrecorded interest should be recognized as superior to that of a judicial lien creditor. Under California law, a judicial lien creditor does not have priority over a good faith purchaser as a matter of law simply because the purchaser failed to comply with the registration requirements under Cal. Veh. Code § 5600. *Finnell*, 227 Cal.Rptr. at 40.

In *Finnell*, the trial court addressed the priorities of an attaching creditor of the judgment debtor/seller over a third party buyer who had paid for and taken possession of the vehicle, but who had failed to register his title to the vehicle. The trial court found, as a matter of law, that the attaching creditor had superior rights to those of the buyer because the buyer failed to comply with Cal. Veh.Code § 5600.

Relying on the California Supreme Court case of *Henry v. Gen. Forming, Ltd.*, 33 Cal.2d 223, 200 P.2d 785 (1948), the California Court of Appeal reversed. First, the appellate court noted that under California law it was "well-settled that a transfer of the property interest in a motor vehicle is effective as between the immediate parties even though they have not complied with the registration statute." Second, the court observed that "[a] judgment creditor who attempts to levy against

the property of a debtor in satisfaction of his debt obtains a lien only upon the debtor's interest. Where no actual interest is shown, the attaching creditor gets nothing." *Finnell*, 227 Cal.Rptr. at 40. The court further explained:

> an attaching creditor who gives no new value lacks the status of a bona fide purchaser. Instead, he 'stands in the shoes of the debtor, and his lien attaches only to the debtor's interest at the time of the levy.' Insubstantial noncompliance with provisions of the Vehicle Code 'will not give an attaching creditor of the transferor rights superior to a prior buyer with equitable title.'

*Id.* Following the reasoning of *Henry*, the California Court of Appeal also observed that the ownership registration requirements were not intended to protect a judgment creditor. Finally, the court reiterated that the records of the DMV do not conclusively establish true ownership. *Id.* at 41.

On this record, we do not perceive any facts that would warrant a different outcome in this appeal. Accordingly, we conclude that because under California law Green's equitable title and ownership would defeat a claim by a judicial lien creditor even though Green did not comply with Cal. Veh.Code § 5600, the transfer was so perfected that it satisfied the definition of a transfer found in § 547(e) and that transfer occurred outside the preference period.[5]

## VI. CONCLUSION

For the reasons set forth above, we REVERSE.

---

**5.** We observe that the "purchase date" of April 8, 2008, which was indicated on Green's insurance policy, is also outside the one year reach-back period for preferences to insiders.